TSUYOSHI NAKAMURA, PLAINTIFF  v.  JOHN H. HEINRICH, DISTRICT DIRECTOR OF CUSTOMS, LOS ANGELES CUSTOMS DISTRICT, AND JOHN HEINRICH IN HIS INDIVIDUAL CAPACITY, DEFENDANT

Court No. 91–08–00547

(Dated August 28, 1991)

*Politis, Pollack & Doram (John M. Politis)* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *(Mark S. Sochaczewsky),* Civil Division, U.S. Department of Justice, Commercial Litigation Branch, *(Carla Anderson Johnson,* Attorney, United States Customs Service, Of Counsel) for defendants.

## MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge:* Plaintiff moves for a preliminary injunction ordering defendant to issue to plaintiff a customs broker permit for the Los Angeles customs district, and a declaratory judgment declaring that 19 C.F.R. § 111.19(f) is null and void. Plaintiff's application for the permit at issue has been held by the Customs Service pending completion of an investigation under 19 C.F.R. § 111.19(f). Plaintiff asserts § 111.19(f) is invalid because it conflicts with the 19 U.S.C. § 1641 and that Customs' investigation is therefore *ultra vires.*

Before the extraordinary relief of a preliminary injunction can be granted, plaintiff must establish: that he is likely to prevail on the merits of his claim; that without the injunction he will be immediately and irreparably harmed; that the balance of hardship on all of the parties favors the movant; and that the public interest is better served by issuing rather than denying the injunction. *Oki Electric Industry Co. v. United States,* 11 CIT 624, 628, 669 F. Supp. 480, 483 (1987).

Plaintiff asserts that he is accruing business expenses at the rate of $4,698.00 per month and alleges "on information and belief" that a background investigation typically requires one year to complete. The Customs Service responds that it expects to issue a decision with respect to the permit by September 6, 1991. A decision favorable to plaintiff would render the present litigation moot. The public interest is therefore better served by denying the instant motion, with leave to refile after September 6, 1991.

Accordingly, the Court hereby denies plaintiff's motion, with leave to refile the motion after September 6, 1991.